UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                            :
ALEXEI P. MOSTOVOI,                                         :
                                                            :
                              Plaintiff,                    :
                                                            :                06 Civ. 6388 (GEL)
              -v-                                           :
                                                            :        **OPINION AND ORDER**
SECRETARY OF THE DEPARTMENT OF                              :
HOMELAND SECURITY, DIRECTOR OF U.S.                         :
CITIZENSHIP AND IMMIGRATION                                 :
SERVICES, and NEW YORK DISTRICT                             :
DIRECTOR OF U.S. CITIZENSHIP AND                            :
IMMIGRATION SERVICES,                                       :
                                                            :
                              Defendants.                   :
                                                            :
------------------------------------------------------------x

Alexei P. Mostovoi, pro se.

Michael J. Garcia, United States Attorney for the
Southern District of New York (F. James Loprest,
Jr., Special Assistant United States Attorney, Of
Counsel), for defendants.

GERARD E. LYNCH, District Judge:

     Plaintiff Alexei P. Mostovoi brings this action pursuant to § 336(b) of the Immigration

and Nationality Act, codified in 8 U.S.C. § 1447(b), seeking judicial intervention to adjudicate

his naturalization application, or, in the alternative, to remand to the U.S. Citizenship and

Immigration Services ("the CIS"), with a specific deadline by which it should make a

determination regarding his case.  Plaintiff moves for summary judgment, and defendants cross-

move to dismiss, arguing that the Court lacks subject matter jurisdiction over plaintiff's claim, or

alternatively, that plaintiff has not stated a claim upon which relief may be granted.  Defendants'

motion will be denied, plaintiff's motion will be granted, and the case will be remanded to the

CIS with further instructions.

## BACKGROUND

The facts of this case are essentially undisputed.  Mostovoi, a native of Russia, is a lawful permanent resident of the United States, and resides in Westchester.  (Compl. Ex. 1.)  Mostovoi filed an application for naturalization, also known as an "N-400" application, on October 11, 2005.  (Id.)  On February 17, 2006, Mostovoi successfully passed an examination administered at the CIS's New York City office (Compl. Ex. 2), as required by 8 U.S.C. § 1446 prior to naturalization.  At that time, the CIS informed him that it would notify him about the status of his application and required background investigation, which consists of a name check conducted by the FBI.  (Id.; see Cannon Decl. ¶¶ 17-21.)

Six months passed, without a word from the CIS.  On August 10, 2006, plaintiff was informed by the CIS that the FBI had not yet completed the required name check, and therefore his naturalization application was still pending.  (Compl. Ex. 3.)  No reason was given for the delay, and the only recourse provided Mostovoi was that he could "contact" the CIS by "calling [their] customer service number" if he did not hear from them again within another six months. (Id.)

Apparently discontent with the CIS's failure to timely process his naturalization application, Mostovoi did not wait an additional six months to act.  On August 23, 2006, Mostovoi filed the present action, requesting that this Court adjudicate his application or remand with further instructions to the CIS, pursuant to 8 U.S.C. § 1447(b).  In addition, Mostovoi submitted a Freedom of Information-Privacy Act ("FOIPA") request regarding FBI records pertaining to him.  (P. Reply Ex. 2.)  Finally, Mostovoi made an inquiry requesting expedition of

his naturalization application directly to the FBI.  (P. Reply Ex. 3.)

The FOIPA and FBI requests having both come up empty, Mostovoi moved for summary judgment on December 8, 2006.  Defendants cross-moved to dismiss on January 29, 2007; both motions were fully briefed as of February 14, 2007.[1]

## DISCUSSION

### I.   <u>Legal Standards</u>

Defendants move to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(1), arguing that the Court lacks subject matter jurisdiction to hear plaintiff's claim.  Alternatively, defendants move to dismiss pursuant to Federal Rule of Civil Procedure

---

[1] The Court, aware of the increased workload the FBI has faced since the events of September 11, 2001, and in particular its backlog of name check requests caused by resubmission of many requests by the now-defunct Immigration and Naturalization Service (Cannon Decl. ¶¶ 16-19; <u>see</u> Homeland Security Act of 2002, Pub. L. No. 107-296, § 471(a), 116 Stat. 2135, 2205), attempted to resolve this issue without adjudicating the merits of plaintiff's or defendants' motions.  Resolution of Mostovoi's naturalization application by the CIS, without resort to judicial intervention, would be the most expeditious and efficient use of the Court's and the parties' resources.  However, although the government has represented to the Court that the FBI has completed its name check of Mostovoi (which the government claims returned no positive "hits"), it has neither provided documentation of that fact, nor has it advised the Court that Mostovoi has been informed of the completion of the name check or scheduled Mostovoi for the oath ceremony, the final step in the naturalization process.  To the contrary, on May 18, 2007, Mostovoi submitted another letter to the Court, claiming that the CIS has not provided him any further information about the status of his application.  Moreover, even if the FBI has completed the name check, defendants have provided no reason for the Court to believe that the FBI's completion of the check will result in prompt processing of Mostovoi's application (Cannon Decl. ¶ 22 ("The results of the name check will be forwarded to [CIS], *in due course* . . . .") (emphasis added)), and has provided no description of the priority afforded to Mostovoi's application.  (<u>See</u> <u>id</u>. ¶ 20 (asserting that no "specific or general time frame" for processing a naturalization application can be provided).)  Thus, the Court has no choice at this time except to address the merits of the pending motions.

12(b)(6), arguing that plaintiff has not stated a claim upon which relief may be granted.[2]  When deciding a 12(b)(1) or 12(b)(6) motion, the Court must take as true the facts as alleged in plaintiff's complaint.  Cleveland v. Caplaw Enters., 448 F.3d 518, 521 (2d Cir. 2006); Bolt Elec., Inc. v. City of New York, 53 F.3d 465, 469 (2d Cir. 1995).  It may consider documents incorporated in the complaint by reference.  See Chambers v. Time Warner, Inc., 282 F.3d 147, 152-53 (2d Cir. 2002); Kamen v. American Tel. & Tel. Co., 791 F.2d 1006, 1011 (2d Cir. 1986).  All reasonable inferences must be drawn in the plaintiff's favor.  Freedom Holdings, Inc. v. Spitzer, 357 F.3d 205, 216 (2d Cir. 2004); Hason v. Office of Prof'l Med. Conduct, 314 F. Supp. 2d 241, 246 (S.D.N.Y. 2004).

## II.    Subject Matter Jurisdiction

Defendants primarily argue that the Court lacks subject matter jurisdiction pursuant to 8 U.S.C. § 1447(b).  Section 1447(b) provides:

---

[2] Defendants also move to dismiss on the ground that plaintiff failed to name an indispensable party to this action, namely, the FBI.  (D. Mem. 19, citing Ceballos v. Shaughnessy, 352 U.S. 599, 603 (1957).)  This argument is wholly without merit; as conceded by defendants, "the FBI does not adjudicate applications for benefits under the Immigration and Nationality Act."  (Cannon Decl. ¶ 21.)  Instead, that responsibility lies solely and wholly with the CIS, which plaintiff named as a party to this action.  The cases cited by defendants are inapposite; in those cases, the plaintiff failed to name the government agency with "sole authority" over the requested relief.  (D. Mem. 20.)  See, e.g., Dombrovskis v. Esperdy, 321 F.2d 463, 464-66 (2d Cir. 1963) (affirming dismissal of complaint by an unsuccessful application for immigration relief because he failed to join the State Department as a party, as the relief sought by plaintiff depended on the sole authority of the State Department).  Although the involvement of other government agencies in processing naturalization applications may argue for deference to the government with respect to the actual adjudication of plaintiff's application, see infra, no issue of fact precludes the Court from deciding, on the undisputed facts, the purely legal question presented here, i.e., whether the Court may compel the CIS to timely adjudicate plaintiff's naturalization application, or adjudicate the application itself.

4

> If there is a failure to make a determination under section 1446 of
> this title before the end of the 120 day period after the date on
> which the examination is conducted under such section, the
> applicant may apply to the United States district court for the
> district in which the applicant resides for a hearing on the matter.
> Such court has jurisdiction over the matter and may either
> determine the matter or remand the matter, with appropriate
> instructions, to the [CIS] to determine the matter.

Plaintiff asserts that, because his "examination" occurred on February 17, 2006, the 120-day period has long since passed, and this Court has jurisdiction to either adjudicate his application or remand the matter to the CIS with further instructions.  Defendants argue, however, that the "examination" referred to in § 1447(b) encompasses not only the one-time event Mostovoi underwent during his interview on February 17, 2006, but rather a full investigation of the applicant, including the mandatory FBI name check.  Thus, defendants argue that the Court does not have jurisdiction over plaintiff's claim because that investigation has not been completed.

Defendants' argument has been considered and rejected by numerous courts across the country, including courts in this district.  See Alhamedi v. Gonzales, No. 07 Civ. 2541, slip op. at 6-8 (S.D.N.Y. May 29, 2007); Lin v. Sec'y, U.S. Dep't of Homeland Sec., No. 07-MC-6012L, 2007 WL 1231482, at *2 (W.D.N.Y. Apr. 24, 2007); Mahd v. Chertoff, 06 Civ. 1023, 2007 WL 891867, at *2 (D. Colo. Mar. 22, 2007); Kherriden v. Chertoff, Civ. No. 06-4792, 2007 WL 674707, at *2-*5 (D.N.J. Feb. 28, 2007); Hussein v. Gonzales, 474 F. Supp. 2d 1265, 1267-68 (M.D. Fla. 2007); Manzoor v. Chertoff, 472 F. Supp. 2d 801, 804-08 & n.3 (E.D. Va. 2007); Aslam v. Gonzales, No. C06-614MJP, 2006 WL 3749905, at *1 (W.D. Wash. Dec. 19, 2006); Shalabi v. Gonzales, 06 Civ. 866, 2006 WL 3032413, at *3-*4 (E.D. Mo. Oct. 23, 2006); Eng v. Chertoff, Civ. No. H-06-1302, 2006 WL 2442894, at *1 (S.D. Tex. Aug. 21, 2006); Khan v.

Chertoff, No. CV-05-560-PHX-SRB, 2006 WL 2009055, at *1-*2 (D. Ariz. July 14, 2006);

Khelifa v. Chertoff, 433 F. Supp. 2d 836, 840-42 (E.D. Mich. 2006); Meyersiek v. U.S. CIS, No.

CA 05-398 ML, 2006 WL 1582397, at *2-*3 (D.R.I. June 6, 2006); Daami v. Gonzales, Civ. No.

05-3667, 2006 WL 1457862, at *3-*6 (D.N.J. May 22, 2006); Al-Kudsi v. Gonzales, No. CV 05-

1584-PK, 2006 WL 752556, at *1-*2 (D. Or. Mar. 22, 2006); Shalan v. Chertoff, Civ. No. 05-

10980-RMZ, 2006 WL 42143, at *1-*2 (D. Mass. Jan. 6, 2006); Essa v. U.S. CIS, No.

CIV051449, 2005 WL 3440827, at *2 n.2 (D. Minn. Dec. 14, 2005); El-Daour v. Chertoff, 417

F. Supp. 2d 679, 680-83 (W.D. Pa. 2005); Castracani v. Chertoff, 377 F. Supp. 2d 71, 73-75

(D.D.C. 2005).[3]  It would be wasteful to repeat the reasoning of those cases; suffice to say, the

Court aligns itself with their reasoning – specifically, the Court finds persuasive Judge Koeltl's

thorough opinion in Alhamedi, which rejected defendants' argument as "strained."  Id. at 6.

    Moreover, defendants' argument lacks grounding not only in the case law, the language

of the statute itself, and the statute's legislative purpose, see United States v. Hovespian, 359

F.3d 1144, 1159-64 (9th Cir. 2004), but in common sense.  "Examination" in this context clearly

refers to the discreet event that occurred on February 17, 2006, in which Mostovoi "passed" the

required "tests" for naturalization (Compl. Ex. 2), and not to the subsequent FBI name check.  It

is axiomatic that "[w]here, as here, the statutory language is unambiguous, the inquiry ceases."

Barnhart v. Sigmon Coal Co., 534 U.S. 438, 439 (2002).  The government's willingness to

---

[3] Although a few courts have accepted defendants' argument, see Martinez v. Gonzales,
463 F. Supp. 2d 569, 571 (E.D. Va. 2006); El Kassemi v. Dep't of Homeland Sec., No. 06-1010,
2006 WL 2938819, at *2 (D.N.J. Oct. 13, 2006); Darma v. Chertoff, 05 Civ. 929, 2006 WL
1786246, at *2 (N.D. Ohio June 23, 2006); Danilov v. Aguirre, 370 F. Supp. 2d 441, 444 (E.D.
Va. 2005), "[t]hese isolated decisions . . . are contrary to the overwhelming majority of court
decisions that have rejected the defendants' argument and exercised jurisdiction in cases similar
to this one."  Alhamedi, slip op. at 6-7.

repeatedly put forward its "strained" argument, <u>Alhamedi</u>, slip op. at 6, represents, at best, a dismissive attitude towards common sense and logic, and at worst, a conscious disregard of the case law.[4]

Should Congress wish to redefine the contours of the Court's jurisdiction, it has the power to do so.  The Court expresses no opinion as to whether the judicial system should be involved in naturalization applications in this way.  However, when Congress has clearly granted jurisdiction, it is the Court's responsibility to exercise it.  Because more than 120 days has passed since Mostovoi's "examination," this Court has jurisdiction over plaintiff's petition.

## III.   Failure to State a Claim

In the alternative, defendants contend that even if the Court finds jurisdiction, it should dismiss the complaint for failure to state a claim upon which relief can be granted.  They argue that the Court cannot adjudicate Mostovoi's application because making a determination without completing the required background investigation would contravene congressional intent, and because the judiciary is "ill-suited" to assume the task of investigating the applicant's background itself.[5]  (D. Mem. 16.)

---

[4] In an apparent reaction to the multitude of cases rejecting defendants' argument, the CIS decided in April 2006 that it would no longer "schedul[e] naturalization interviews" (i.e., examinations) before completion of the required background investigation "[f]or purposes of judicial economy."  (P. Mem. Ex. 1.)  See 8 C.F.R. § 335.2(b).

[5] A "personal investigation" of an applicant is required under 8 U.S.C. § 1446(a), and through an appropriations act Congress has indicated that a full background check by the FBI is now required.  See Appropriations Act of 1998, Pub. L. No. 105-119, 111 Stat. 2440, 2448-49 (1997) ("Provided further, That, during fiscal year 1998 and each fiscal year thereafter, none of the funds appropriated or otherwise made available to the Immigration and Naturalization Service shall be used to complete adjudication of an application for naturalization unless the Immigration and Naturalization Service has received confirmation from the Federal Bureau of Investigation that a full criminal background check has been completed . . . .").

Although § 1447(b) specifically provides that district courts may "determine the matter" and adjudicate naturalization applications themselves after the 120-day period has passed, "nearly every court confronting this question has agreed with the defendants that it would be inappropriate to adjudicate a naturalization application in the absence of a completed FBI background check." Alhamedi, slip op. at 9; see id. (listing cases). Although the government has represented to the Court that the FBI name check has been completed with no "hits" on plaintiff's name, it has not provided documentation of this representation, and it would be inappropriate to adjudicate the matter at this time without giving the government a final opportunity to complete the background check. See El-Daour, 417 F. Supp. 2d at 684 (holding that the court "is not equipped to conduct such an investigation" and remanding with instruction that the CIS expeditiously adjudicate naturalization application following FBI's completion of background investigation); Shalabi, 2006 WL 3032413, at *4 (same); Alnabi v. Gonzales, Civil No. 06-1721, 2006 WL 2990338, at *3 (D. Minn. Oct. 18, 2006) (same); Essa, 2005 WL 3440827, at *2 (same).

Nevertheless, that conclusion does not require dismissal of the complaint. While judicial determination of the application should be treated as a last resort, § 1447(b) provides an alternative form of relief in that the Court may "remand the matter, with appropriate instructions, to the [CIS] to determine the matter." The defendants argue that even a remand directing the CIS to adjudicate Mostovoi's application immediately is unavailable because the CIS's hands are tied by Congress, which requires applicants to undergo a background check prior to naturalization. (D. Mem. 18 (claiming that the CIS is "effectively bar[red] . . . from considering Mostovoi's application at this time").) See Fuks v. Devine, No. 05 C 5666, 2006 WL 1005094,

at *2 n.4 (N.D. Ill. Apr. 14, 2006) ("As a practical matter, we could not remand the matter to the Agency with instructions to render a decision on the [naturalization] application without forcing the Agency to violate [required procedures].").

However, "many courts have found it appropriate to remand with instructions, and there is no discernible reason why the same relief should not be afforded here, especially in light of the lengthy delay." Alhamedi, slip op. at 10. See id. at 10-11 (listing cases). Although the Court is mindful of the increased security pressures placed on agencies such as the FBI and CIS since September 11th (see Cannon Decl. ¶¶ 16-19), Congress has set specific deadlines for action to be taken. For sixteen months, defendants have not merely failed to meet that deadline, but have failed to provide definite information to Mostovoi or to the Court about the status of his application, apparently under the misapprehension that he has no adjudicable rights. Defendants were wrong; § 1447(b) confers upon Mostovoi the right to timely processing of his naturalization application, and confers upon this Court the authority to adjudicate his claim and provide relief.

It is appropriate for the Court to exercise its discretion in choosing a remedy in a manner that respects the practical constraints on government resources, and leaves the substantive decision-making, to the extent possible, in the hands of the agency primarily entrusted with responsibility for these matters. At the same time, however, such deference cannot be absolute. While it is true that courts are ill-equipped to conduct background investigations, Congress has specifically authorized the courts to take jurisdiction, hold a hearing, and "determine the matter." If it becomes necessary, the Court will not hesitate to do just that.

Accordingly, defendants' motion to dismiss is denied.

**IV.**   **Summary Judgment Motion**

Plaintiff moves for summary judgment on his petition.  Summary judgment is appropriate

"if the pleadings, depositions, answers to interrogatories, and admissions on file, together with

affidavits, if any, show that there is no genuine issue as to any material fact and that the moving

party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  See Anderson v.

Liberty Lobby, Inc., 477 U.S. 242, 248 (1986) (a genuine issue for trial exists if, based on the

record as a whole, a reasonable jury could find in favor of the nonmoving party).  Because this

case does not present any genuine issues of material fact, plaintiff's motion will be granted.

There is no factual dispute to be decided in this case; plaintiff has provided supporting

documentation for every element of his claim, and the government does not dispute that plaintiff

(1) filed a naturalization application, (2) passed the required examination, and (3) is now only

awaiting completion of the background check and scheduling of the oath ceremony.  Indeed, the

government goes even further in removing any doubt that there are any issues of fact in this case,

in that it represented to the Court that the FBI has completed its name check, which turned up no

"hits" for plaintiff's name, and that the only step left in the naturalization process for plaintiff is

scheduling of the oath ceremony.  Thus, summary judgment is warranted in this case.[6]

_____

[6] Defendants also present the technical argument that summary judgment should be
denied because plaintiff's motion "does not comport with the Court's local rules," insofar as
plaintiff did not include a Rule 56.1 Statement in his moving papers.  (D. Mem. 21, citing
Rodriguez v. 551 W. 57th St. Owners Corp., 992 F. Supp. 385, 385 (S.D.N.Y. 1998).)  A party
moving for summary judgment in this district must submit along with its other motion papers a
separate statement of numbered material facts "as to which the moving party contends there is no
genuine issue to be tried."  S.D. & E.D. N.Y. R. 56.1(a) ("Rule 56.1 Statement").  The opposing
party is required to submit a counterstatement responding to each numbered paragraph in the
moving party's statement, and any additional paragraphs setting forth other material facts as to
which the opposing party contends there is a genuine issue to be tried ("Counterstatement").  Id.
at (b).  Each "statement of material fact" in both the Rule 56.1 Statement and Counterstatement

## CONCLUSION

Accordingly, defendants' motion is denied, plaintiff's motion is granted, and the case is remanded to the CIS for immediate resolution, with instructions to take whatever steps are necessary to make a determination on Mostovoi's application within 30 days of this Order, and, in the event that he is eligible for naturalization, take steps to permit him to be sworn in as a citizen within 30 days of the agency's determination.

The Court will retain jurisdiction over the matter. Should the defendants fail to comply with these instructions, Mostovoi may petition this Court to reopen the matter and to seek appropriate relief, including judicial resolution of his naturalization application.

SO ORDERED.

Dated: New York, New York
    June 4, 2007

_____
GERARD E. LYNCH
United States District Judge

---

"must be followed by citation to evidence which would be admissible . . . ." Loucar v. Boston Mkt. Corp., 294 F. Supp. 2d 472, 478 (S.D.N.Y. 2003), quoting S.D. & E.D. N.Y. R. 56.1(e).

Defendants' argument fails for several reasons. First, plaintiff did submit (albeit belatedly) a Rule 56.1 Statement. (P. Reply Ex. 1.) Second, although plaintiff's belated 56.1 Statement could be rejected by the Court as untimely, as plaintiff is a pro se litigant, he is afforded "special solicitude" in his motion for summary judgment. Graham v. Lewinski, 848 F.2d 342, 344 (2d Cir. 1988). The Court therefore may "overlook[] this technical default" and "consider[] [the] factual assertions [otherwise] made by plaintiff." Dove v. City of New York, No. 03-CV-5052, 2007 WL 805786, at *1 n.3 (E.D.N.Y. Mar. 15, 2007). Third, defendants do not show any way that they have been prejudiced by plaintiff's alleged technical failure, or cite any difficulty understanding or responding to the motion. Finally, even if plaintiff had completely failed to submit a Rule 56.1 Statement, the Court may, in its discretion, consider any facts "the parties fail to point out in their Rule 56.1 statements." 24/7 Records, Inc. v. Sony Music Entm't, Inc., 429 F.3d 39, 46 (2d Cir. 2005) (internal quotation marks and citation omitted). See Holtz v. Rockefeller & Co., 258 F.3d 62, 73 (2d Cir. 2001) ("A district court has broad discretion to determine whether to overlook a party's failure to comply with local court rules.").